McCASKEY REGISTER COMPANY, Appellant, v. J. M. REDD et al., Respondents.

**Kansas City Court of Appeals, July 9, 1910.**

**SALE: Cancellation: Notice by Mail.** Where a limited time is given to cancel an order or rescind a purchase of goods, the notice of cancellation must reach the seller within the time stated. But if it is contemplated that the notice is to be sent through the mail, then a delivery to the mail in time to reach the seller in due course, would be sufficient, even though he did not receive it.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED.

*J. G. Russell* and *William Aull* for appellant.

*Charles Lyons* for respondents.

ELLISON, J.—This is a suit on an account for sixty-five dollars, begun before a justice of the peace. The defendants had judgment in the circuit court where the case had been taken by appeal.

It appears that plaintiff is a manufacturer of "cash registers" in the State of Ohio, and that through a traveling salesman, on the 13th day of March, 1908, it sold to defendants, at Dover, Missouri, by written contract of sale, one of its registers, for the above price. The contract contained the following provision: "This order is taken so it gives Redd Bros. the right to cancel the same Tuesday, the 17th of March." On the back of the contract was this provision, that the order "is taken subject to acceptance by the McCaskey Register Company at Alliance, Ohio."

Defendants concluded to cancel the order and mailed a letter to the plaintiff either on the evening of the 16th or the morning of the 17th of March, either time being too late for the plaintiff to receive it before the close of the day of the 17th, the last day of defendants' right to cancel. Plaintiff denied having received the letter at any time.

It is conceded that there must be notice of cancellation given to plaintiff by defendants, and the sole question is, when does a letter become notice of cancellation, the date it is mailed by the purchaser, or the date it is received by the seller? When one makes a proposal of sale by letter he makes the mail his agent to which the acceptance may be delivered; and therefore a letter of acceptance, properly stamped and directed, is an acceptance at the time a letter is mailed.

But if the purchaser contracts to purchase, reserving the right to cancel the order by a certain date, he must adopt a mode of notice that will reach the seller within the time reserved. [Price v. Atkinson, 117 Mo. App. 52; Bishop on Contracts, sec. 326; Tiedeman on Sales, 39, 40; Cyc., Vol. 9, 296, sec. g.]

There is good reason for the difference in time of notice of acceptance of an offer and a cancellation of an order. In the former, the offer is open long enough, of course, for an acceptance according to the nature of the offer, and no longer, and it is assumed that the party making the offer would wait sufficient time for an acceptance to reach him in the mode it was to be made, and though reaching him, in due course, after its deposit in the mail, it would be effective from the latter time. But in the cancellation of an order the seller could reasonably only be required to wait the expiration of the time limited, and if he did not then receive notice to the contrary, he would be justified in shipping the goods, or beginning their manufacture, as the case might be.

McCaskey Co. v. Redd.

As already stated, plaintiff denies receiving the letter of cancellation at any time, and yet defendants say they mailed such letter. In cases where a notice of cancellation by letter is contemplated by the contract and one is mailed early enough to reach the seller in due course of mail within the time limited, and yet, by some mishap, does not, it is probable that such notice would be all that should be required. But it is not likely that such question could arise in this case, since we assume that a letter mailed at Dover, Missouri, on the evening of the 16th of March, could not be received by Plaintiff at Alliance, Ohio, during the business part of the day of the 17th. We are justified in this statement by the fact defendants made no pretense of the letter being mailed in time to be received by the plaintiff on the 17th. They were, in fact, not certain that it was mailed before the morning of the 17th. It follows that plaintiff's instruction should have been given.

The instructions of the court given for plaintiff were correct. It seems that defendants did not ask any.

Something is said in the briefs about a printed endorsement on the back of the contract that the order was taken subject to acceptance by plaintiff at Alliance, Ohio. We do not see how that can be made part of the case. It was not acted upon by defendants, nor was it relied upon by them, since no issue of that nature was submitted to the jury.

The judgment is reversed and the cause remanded. All concur.